UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                             Case No. 17-CR-20750
                                                                               Honorable Thomas L. Ludington
DAMON LAVELLE WILBERT,

        Defendant.
_____/

**ORDER DENYING WITH PREJUDICE MOTION FOR COMPASSIONATE RELEASE**

Defendant Damon Lavelle Wilbert pleaded guilty to possession of cocaine with intent to distribute on December 19, 2017. ECF. No. 19. On March 30, 2018, he was sentenced to 120 months imprisonment and eight years of supervised release. ECF No. 26.

On June 8, 2020, Defendant filed a *pro se* motion for appointment of counsel which was denied. ECF Nos. 27, 28. Defendant filed a second motion requesting appointment of counsel and seeking compassionate release, ECF Nos. 29. Defendant's second motion was denied without prejudice because he had not exhausted his administrative remedies with the Bureau of Prisons ("BOP"). ECF No. 30.

Defendant has now filed another motion for compassionate release due to COVID-19 with the assistance of counsel. ECF No. 35. For the following reasons, his motion will be denied with prejudice.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified

> in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

## II.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. §3582(c)(1)(A).

The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the BOP. Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. §3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with

the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant included a copy of a letter from the warden denying his request for compassionate release. ECF No. 35-3. The Government does not dispute that Defendant has exhausted his administrative remedies. ECF No. 35 at PageID.168. Defendant has exhausted his administrative remedies.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. §3553(a). They are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

Defendant's underlying offense is for knowingly and intentionally possessing 2,750 grams of cocaine, 40.7 grams of heroin, and 338 grams of marijuana, all of which he intended to distribute. ECF No. 19 at PageID.49. Drug-related offenses are serious and Defendant has only served 2 years and 11 months of his 120-month sentence. ECF No. 33 at PageID.143–44. Additionally, this was not his first drug-related offense. According to his Presentence Investigation Report, he was charged on March 5, 1990 with possession of cocaine under 25 grams. In 1992 Defendant was convicted of escape from prison when he left the Saginaw County Corrections Center without permission and failed to return. Less than a year after his parole, on October 11, 1996, Defendant was charged with possession with intent to distribute cocaine base. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his history of drug related offenses.

A consideration of the §3553 factors indicates that Defendant is not entitled to a sentence reduction.

**C.**

The next inquiry to be resolved in addressing Defendant's motion for compassionate release is whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

>   (1)(A) Extraordinary and compelling reasons warrant the reduction;…

>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

>   (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. The Government has conceded that Defendant's health situation presents an extraordinary and compelling reason for release. However, it argues that he has not demonstrated that he is not a danger to the safety of others.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is--
>
>     (I) suffering from a serious physical or medical condition,
>
>     (II) suffering from a serious functional or cognitive impairment, or
>
>     (III) experiencing deteriorating physical or mental health because of the aging process,

>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant asserts this global health crisis, in combination with his underlying health and living conditions, constitute compelling and extraordinary circumstances making him more susceptible to contracting a severe case of COVID-19 that could result in death. ECF No. 35 at PageID.166. He represents that he suffers from hypertension, high cholesterol, and type 2 diabetes mellitus. He takes medication daily for all three conditions, including insulin injections for his diabetes. ECF No. 35 at PageID.168. The Government proffers, "Given the heightened risk that Covid-19 poses to someone with those medical conditions, Wilbert has satisfied the first eligibility threshold for compassionate release during the pandemic." ECF No. 33 at PageID.156–57. As such, this Court assumes without deciding that his conditions qualify as an extraordinary and compelling reason for release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

Consideration of the above factors support the conclusion that Defendant would be a danger to others and the community if released. Besides the instant offense for possession and intent to distribute significant amounts of cocaine, heroin, and marijuana, according to his Presentence Investigation Report, Defendant was convicted of possession of cocaine on March 5, 1990 and possession with intent to distribute cocaine base on October 11, 1996. "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a

- 8 -

danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010). He also has a conviction for escaping from prison and committed the second offense less than a year after he was released from parole. Defendant asserts that he has "worked as an authorized driver/operator of heavy equipment until COVID-19 limited work opportunities" and "the skills he has honed while with the BOP have well positioned him for lawful, gainful employment once he is released." ECF No. 35 at PageID.183–84. He also has a potential employer that has offered him full-time employment after his release. *Id.* He argues he is a model prisoner, with no significant disciplinary actions. ECF No. 40 at PageID.229. While Defendants efforts are to be commended, his repeated drug-related criminal history demonstrate that he would be a danger to others and the community if he were released early.

## III.

Accordingly, Damon Lavelle Wilbert's Motion for Compassionate Release, ECF No. 35, is **DENIED WITH PREJUDICE**.

Dated: November 19, 2020              s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge